Frank Ray
4059 Avenida Brisa
Rancho Santa Fe, CA 92091
Ph: (858) 776-3353

Plaintiff in Pro Se

# THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FRANK G. RAY

      Plaintiff

vs.

ANDREW MUSAELIAN,
LISA GIACOMINI; and DOES
1-10, INCLUSIVE

      Defendants

Case No: **'17 CV 2377 DMS MDD**

VERIFIED COMPLAINT FOR
DAMAGES FOR:

1. Violations of the Fair Debt Collections
   Practices Act; 15 USC 1692 et seq.
2. Violations of the Federal Trade
   Commissions Act; 15 U.S.C. §§ 45

3. Injunctive Relief

      COMES NOW, Plaintiff, FRANK RAY, and alleges against Defendants ANDREW MUSAELIAN, and Does 1 - 10 Inclusive as follows:

## JURISDICTION AND VENUE

      1. This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the the FDCPA, and Section 5 of the FTC Act.

/./.

2.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 57b, 1681s, and 1692l. The Court has supplemental jurisdiction over Plaintiffs state claims under 28 U.S. Code § 1367.

3. Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

**PARTIES**

4. Plaintiff, FRANK G. RAY, (hereinafter, RAY), is an individual and is, and at all times herein mentioned was a resident of the County of San Diego, within the jurisdictional boundaries of this Court.

5. Defendant, ANDREW MUSAELIAN, (hereinafter MUSAELIAN) is an individual and is, and at all times herein mentioned was a resident of the County of San Diego, within the jurisdictional boundaries of this Court.

6. Defendant, LISA ANN GIACOMINI, (hereinafter GIACOMINI) is an individual and is, and at all times herein mentioned was a resident of the County of San Diego, within the jurisdictional boundaries of this Court, and acted in concert with Defendant MUSAELIAN, in committing the acts herein alleged.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff will amend its complaint to show the true names and capacities of such fictitious Defendants when they have been fully ascertained.

8. Plaintiff is informed and believes, and upon such information and belief alleges that, Defendants, and each of them, were the agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/or co-conspirators of each of their Co-Defendants and in doing the things herein after mentioned, were acting within the course and scope of their authority as such agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/or coconspirators with the permission and consent of their Co-Defendants and, consequently, each of such

1   Defendants are jointly and severally liable to Plaintiffs for the damages and harm
2   sustained as a result of Defendants' wrongful conduct as more particularly alleged
3   herein.

4       9. Plaintiff alleges on information and belief that each of the Defendants aided
5   and abetted, encouraged, and rendered substantial assistance to each of the other
6   Defendants in performing their wrongful acts and breaching their obligations to
7   Plaintiffs, as alleged herein. In taking action, as alleged herein, to aid and abet and
8   substantially assist the commissions of these wrongful acts and other wrongdoings
9   complained of, each of the Defendants acted with an awareness of its primary
10  wrongdoing and realized that its conduct would substantially assist the
11  accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12      10. Plaintiff alleges on information and belief that each of the Defendants
13  knowingly and willfully conspired, engaged in a common enterprise, and engaged in
14  a common course of conduct to accomplish the wrongs complained of herein.

15      11.   The purpose and effect of the conspiracy, common enterprise, and
16  common course of conduct complained of was, among other things, to financially
17  benefit each of the Defendants at the expense of Plaintiff by engaging in the wrongful
18  acts and fraudulent activities alleged herein. Defendants accomplished their
19  conspiracy, common enterprise, and common course of conduct by misrepresenting
20  and concealing material information regarding the matters in which they were
21  involved, including the making statements in furtherance of their wrongdoing alleged
22  herein.

23      12. The term "consumer" as used in this Complaint, means any natural person
24  obligated or allegedly obligated to pay any debt, as "debt" is defined in Section
25  803(5) of the FDCPA,15 U.S.C. § 1692a(5).
26  /././
27  /././
28  /././

- 3 -

# COMMERCE

13. At all times material to this Complaint, Defendant MUSAELIAN has maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

# COURSE OF CONDUCT

14. On or about May 26, 2009, Defendant Musaelian was convicted of two counts of violating Vehicle Code section 10851 and two counts of <u>forgery</u> (Pen. Code, 470, subds. (c), (d).) Sonoma County Super. Ct. No. SCR465702 stemming from his unlawful debt collection business and practices. In addition to his conviction for Vehicle Theft and Forgery, there were numerous complaints from consumers regarding Defendant MUSAELIANS abusive debt collection practices and violations of the Fair Debt Collection Practices Act, and The Rosenthal Fair Debt Collection Practices Act California Civil Code §§ 1788 et seq. Now,  Defendant MUSAELIAN has moved from Sonoma County, reinvented himself,  and continues his unlawful debt collection practices in the County of San Diego.

The abusive debt collection techniques and practices employed by Defendant MUSAELIAN as they relate to Plaintiff include, but are not limited to:

(a Contacting Plaintiff telephonically, when implicitly instructed not to do so;

(b   Attempting to take possession of Plaintiffs work vehicle by filing fraudulent documents with the Court;

(c Appearing in person to Plaintiffs place of employment harassing Plaintiff and demanding immediate payment;

d) Contacting Plaintiffs clients and representing himself as a San Diego County Sheriffs Officer conducting an "investigation" into Plaintiffs financial dealings;

e) Contacting Plaintiffs clients and representing himself as an attorney conducting an "investigation" into Plaintiffs financial dealings;

/././

- 4 -

1    f) Contacting Plaintiffs' Eighty year old mother, representing that he was a San

2   Diego County Sheriff, threatening her with incarceration unless she provided him

3   with her back account and other financial information;

4    Of the above mentioned violations, the most egregious is when Defendant

5   acted in collusion with Defendant GIOCOMINI, Plaintiffs former wife, in the Family

6   Law Court and demanded that Plaintiff relinquish forever all visitation rights with

7   his minor child to erase his debt or else "face severe consequences."

8    Additionally, Plaintiff alleges that Defendant MUSAELIAN has abused the

9   process of law by filing fraudulent documents with the San Diego County Superior

10   Court in order to collect on debts for his clients.

11    **FAIR DEBT COLLECTION PRACTICES ACT**

12    15.  In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which

13   became effective on March 20, 1978, and has been in force since that date. Section

14   814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its

15   functions and powers under the FTC Act to enforce compliance with the FDCPA by

16   any debt collector, irrespective of whether that debt collector is engaged in commerce

17   or meets any other jurisdictional tests set by the FTC Act.

18    16. The authority of the Commission in this regard includes the power to

19   enforce the provisions of the FDCPA in the same manner as if the violations of the

20   FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally,

21   a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in

22   violation of the FTC Act.

23    **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
     **COUNT I**
24    **(As to all Defendants)**

25    17.  In connection with the collection of a debt, Defendants, and each of

26   them, directly or indirectly, have used false, deceptive, or misleading representations

27   or means, in violation of Section 807 of the DCPA, 15 U.S.C. § 1692e, including, but

28   not limited to, the following:

- 5 -

a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

b. In numerous instances, Defendants, directly or indirectly, have failed to communicate that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8).

18. The acts and practices alleged in Paragraph 37 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 37 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

19. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.

## COUNT V
### (As to all Defendants)

20. In numerous instances, through the means described in Paragraphs 11-22, in the course of collecting debts from consumers, Defendants, directly and indirectly, have represented to consumers, expressly or by implication, that the debts were valid and that consumers had an obligation to pay the debts.

21. In truth and in fact, in numerous instances the material representations set forth in Paragraph 40 were false or Defendants did not have a reasonable basis for the representations at the time the representations were made.

22. Therefore, the representations set forth in Paragraph 40 were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

/././

1
2

## INJUNCTION FOR VIOLATIONS OF
## THE FTC ACT, AND FDCPA
### (As to all Defendants)

3    23. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is

4    authorized to issue a permanent injunction to ensure that: (a) Defendant

5    MUSAELIAN will not continue to violate the FTC Act, and/or the FDCPA and (b)

6    DefendantGIACOMINI will not continue to violate the FTC Act and the

7    FDCPA.

8
9

## EQUITABLE RELIEF FOR VIOLATIONS OF
## THE FDCPA, AND FTC ACT
### (As to all Defendants)

10    24. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and

11    57b, this Court is authorized to issue all equitable and ancillary relief as it may

12    deem appropriate in the enforcement of the FDCPA, and the FTC Act,

13    including the ability to order rescission or reformation of contracts, restitution, the

14    refund of monies paid, and disgorgement to deprive a wrongdoer of ill gotten

15    gains.

16
17

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FDCPA
### (As to all Defendants)

18    25. Defendant CBCS has violated the FDCPA as described above, with

19    actual knowledge or knowledge fairly implied on the basis of objective

20    circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. §

21    45(m)(1)(A).

22    26. Each instance within five (5) years preceding the filing of this

23    Complaint, in which Defendant CBCS has failed to comply with the FDCPA in

24    one or more of the ways described above, constitutes a separate violation for

25    which Plaintiff seeks monetary civil penalties.

26    27. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section

27    814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil

28    Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended,

1  authorize the Court to award monetary civil penalties of not more than $11,000 for

2  each violation of the FDCPA.

3                              **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b),

5  1692l, 1681s, and the Court's own equitable powers, respectfully requests that the

6  Court:

7        1. Enter a permanent injunction to prevent future violations of the FTC Act,

8  and the FDCPA, by Defendants;

9        2. Award such relief as the Court finds necessary to redress injury to

10 consumers resulting from Defendants' violations of the FTC Act, and the FDCPA,

11 including but not limited to, rescission or reformation of contracts, restitution, the

12 refund of monies paid, and the disgorgement of ill-gotten gains;

13        3. Award Plaintiff monetary civil penalties for each violation of the FDCPA

14 occurring within five years preceding the filing of this Complaint; and

15        4. Award Plaintiff the costs of bringing this action, as well as such other and

16 additional relief as the Court may determine to be just and proper.

17

18

19 Dated:  November 14, 2017          By: _____

20                                        FRANK G. RAY
                                          Plaintiff

21

22

23

24

25

26

27

28

- 8 -

1

2
## VERIFICATION

3
UNITED STATES DIST. COURT

:§§     RAY vs. MUSAELIAN, ET AL.

4
SOUTHERN DIST. CALIFORNIA

5

6
  I, FRANK G. RAY , if called upon to testify as a witness, would

7
and competently do so of my own personal knowledge and do now declare as

8
follows:

9
  I am a party to this action. I have read the foregoing document, entitled

10
**VERIFIED COMPLAINT FOR DAMAGES,** and know its contents. The

11
matters stated are true of my own knowledge and belief, and as to those matters I

12
believe them to be true.

13

14
  I hereby declare under penalty of perjury, under the laws of the United

15
States that the foregoing is true and correct.

16

17
Date: November 15, 2017   By:_____
              FRANK G. RAY / Plaintiff

18

19

20

21

22

23

24

25

26

27

28