# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK G. RAY,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW MUSAELIAN, LISA GIACOMINI, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 17-cv-2377 DMS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

      Plaintiff Frank G. Ray, proceeding *pro se*, has filed a Complaint against Defendants Andrew Musaelian and Lisa Giacomini, alleging the following four claims for relief: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, (2) violation of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, (3) injunctive relief under the FTCA, 15 U.S.C. § 53(b), and (4) equitable relief under the FTCA, 15 U.S.C. §§ 53(b) & 57b. Plaintiff has not paid the $400 civil filing fee required to commence this action, but rather, has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## A. Motion to Proceed IFP

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if a plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. *See* 28 U.S.C. § 1915(a). Here, Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees. Accordingly, Plaintiff's motion to proceed IFP is granted.

## B. Sua Sponte Screening

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Plaintiff's first claim for relief is for violation of the FDCPA. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. 15 U.S.C. § 1692. To state a claim under the FDCPA, a plaintiff must allege the following: "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a debt collector under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Miner v. Baker,* No. 15-CV-2765-JAH (RBB), 2016 WL 6804440, at *2 (S.D. Cal. Aug. 26, 2016) (citation omitted). Here, Plaintiff has not pleaded sufficient facts to allege any of the requisite elements to state a claim under the FDCPA. For example, Plaintiff has failed to plead Defendants are "debt collectors" and the existence of a "consumer debt" within the meaning of the FDCPA. Plaintiff merely alleges in a conclusory manner that Defendants violated the FDCPA by making false, deceptive, or misleading representations in connection with the

collection of a debt. Plaintiff, however, does not sufficiently allege any facts supporting these assertions. Accordingly, this claim is dismissed without prejudice.

Plaintiff's second claim is for violation of the FTCA, and the third and fourth claims are for injunctive and equitable reliefs under the FTCA. The FTCA prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). Private litigants, however, "may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [the FTCA]. The Act rests initial remedial power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *see Kerr v. Am. Home Mortg. Serv'g, Inc.*, No. 10-cv-1612 BEN (AJB), 2010 U.S. Dist. LEXIS 100076, at *7, 2010 WL 3743879 (S.D. Cal. Sep. 22, 2010) (stating that "[i]t is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it"). Because there is no private right of action under the FTCA, these claims are dismissed with prejudice. Accordingly, the Court *sua sponte* dismisses the Complaint.

**IT IS SO ORDERED.**

Dated: December 7, 2017

Hon. Dana M. Sabraw
United States District Judge